DAVID WEISS, Wyoming Bar No. 7-5021
Asst. Federal Public Defender
214 W. Lincolnway Ste. 31A
Cheyenne WY 82001
307-772-2781
david.weiss@fd.org

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>   v.<br><br>ADAM SHANE AVILES, JR.,<br><br>     Defendant. | Case No. 23-CR-161-ABJ |

### UNOPPOSED MOTION FOR ENDS OF JUSTICE CONTINUANCE AND TO EXCLUDE TIME FROM SPEEDY TRIAL ACT TIME LIMITS

  Defendant, Adam Shane Aviles, Jr., through his attorney, Assistant Federal Public Defender David Weiss, moves this Court to set trial in this matter beyond time limits set forth in 18 U.S.C. § 3161 *et seq.* and 18 U.S.C. § 3164 *et seq.* ("Speedy Trial Act"). Specifically, Mr. Aviles asks this Court to extend the trial date for 70 days from the current trial date of January 22, 2024 to a date and time convenient for the court due to extenuating circumstances that are set forth below.

  Counsel for Mr. Aviles has conferred with Assistant United States Attorney Paige Hammer regarding this request, and Ms. Hammer indicated the Government has no objection.

1

I.  Background

On November 13, 2023 the government filed a Complaint against Mr. Aviles alleging one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (ECF No. 1.) Mr. Aviles was arrested and taken into federal custody on November 10, 2023. (ECF No. 7.) His initial appearance was held on November 17, 2023. (ECF Nos. 8). Undersigned counsel entered his appearance on that same day. Mr. Aviles' detention/arraignment hearing was held on November 21, 2023 and jury trial was set for January 22, 2023. The government provided initial discovery on December 5, 2023.

II.  Argument

The Speedy Trial Act generally requires trial to begin within 70 days of the filing of the indictment or the Defendants' initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). However, Speedy Trial deadlines are not immutable, and the Act sets forth an extensive list of reasons allowing for periods of delay, which are excluded in computing the time within which trial must start. 18 U.S.C. § 3161(h). A district court may exclude from the speedy trial calculation "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). When

granting an ends-of-justice continuance, the court must make its findings on the record. *Zedner v. United States*, 547 U.S. 489, 507 (2006); 18 U.S.C. § 3161(h)(8)(A).

This extension is necessary because Mr. Aviles is entitled to the effective assistance of counsel under the Sixth Amendment to the U.S. Constitution. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The effective assistance of counsel includes a duty of counsel to thoroughly investigate the defendant's case. *See Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

Mr. Aviles is suspect in a homicide case and a potential cross reference could take his guidelines to the statutory maximum of 15 years. Defendant is requesting discovery regarding that case which is expected to continue be provided for several weeks as the investigation in that matter is in the initial stages. Further, Mr. Aviles may be facing additional charges in another jurisdiction, and it is crucial that Defense counsel and Mr. Aviles are fully informed as to the extent and circumstances of the underlying allegations and the effect that a conviction or plea may have in that case. In the case that sufficient evidence would be provided, Mr. Aviles would need additional time to negotiate with the government and have the opportunity to pursue the potential for a global resolution.

The charges in this case are very serious. If convicted, the expected guideline range may be the statutory maximum of 15 years if a cross reference enhancement is applied. Counsel for Mr. Aviles requires additional time to receive and review all discovery, conduct an independent investigation, interview witnesses and consult

and potentially retain expert witnesses.  Additionally, counsel has begun exploring confidential outside consultation for trial and/or mitigation purposes. Counsel needs additional time to secure confidential outside services that are important for potential trial defenses and/or mitigation evidence.   Due to the seriousness of the charges coupled with the potential penalties, the Defendant is requesting more time to fully prepare for his trial.  Counsel estimates that this process will necessitate an additional 70 days from the current trial setting.

Further, effective assistance of counsel also includes the ability for the defendant to thoroughly review the discovery with his attorney so that intelligent decisions can be made regarding motions and to evaluate whether to go to trial or enter a plea.  Mr. Aviles will need time to confer with counsel regarding discovery and the findings of Defense's investigation and the wisdom of proceeding to trial versus engaging in plea negotiations.

Denying Mr. Aviles's request for an extension would result in a miscarriage of justice by forcing Mr. Arthur to trial without adequate pretrial preparation. 18 U.S.C. § 3161(h)(7)(B)(i). Thus, "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).

Accordingly, Mr. Aviles asks that this Court extend the trial date for 70 days from the current trial date of January 22, 2023, to a date and time convenient to the court and exclude this time from the Speedy Trial Act Calculation.

DATED this 7th day of December 2022.

>Respectfully submitted,
>
>VIRGINIA L. GRADY
>Federal Public Defender
>
>*/s/ David Weiss*
>Assistant Federal Public Defender

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2023 the foregoing was electronically filed and consequently served on counsel of record.

>/s/ *David Weiss*
>David Weiss