IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

FILED

7:58 am, 3/5/24

Margaret Botkins
Clerk of Court

UNITED STATES OF AMERICA,

Plaintiff,

v.

ADAM SHANE AVILES, JR.,

Defendant.

Case No. 23-CR-161-ABJ

## ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR ENDS OF JUSTICE CONTINUANCE AND TO EXCLUDE TIME FROM SPEEDY TRIAL ACT TIME LIMITS

THIS MATTER comes before the Court on Defendant's *Second Unopposed Motion for Ends of Justice Continuance and to Exclude Time From Speedy Trial Act Time Limits*. ECF No. 31. Defendant, Adam Shanes Aviles, Jr., through his attorney, Assistant Federal Public Defender David Weiss, requests this Court to set trial in this matter beyond time limits set forth in 18 U.S.C. § 3161 *et seq.* and 18 U.S.C. § 3164 *et seq.* ("Speedy Trial Act"). *Id.* at 1. Specifically, Defendant asks the Court to extend the trial date for at least 70 days from the current trial date of April 1, 2024. *Id.* Counsel conferred with Assistant United States Attorney Paige Hammer regarding this request, and Ms. Hammer indicated the Government has no objection. *Id.* Having reviewed the filings, the applicable law, and being otherwise fully advised, the Court **GRANTS** Defendant's *Second Unopposed Motion for Ends of Justice Continuance and to Exclude*

1

*Time From Speedy Trial Act Time Limits* (ECF No. 31) and **ORDERS** a new trial date of Monday, June 24, 2024 at 9:30AM in Cheyenne, Wyoming. The current trial date set for April 1, 2024, is hereby **VACATED**.

## BACKGROUND

On November 13, 2023, the government filed a criminal complaint against Defendant Adam Shane Aviles, Jr. ("Mr. Aviles" or "Defendant") alleging one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). ECF No. 1. A warrant was issued for his arrest, and Mr. Aviles was arrested and taken into federal custody on November 10, 2023. ECF No. 2; ECF No. 7. Mr. Aviles was indicted on one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). ECF No. 9. His initial appearance took place on November 17, 2023. ECF No. 8. His arraignment and detention hearing were held on November 21, 2023. ECF No. 17; ECF No. 20. The government provided initial discovery on November 5, 2023. *See* ECF No. 25. A jury trial is currently scheduled in this matter for April 1, 2024. ECF No. 30.

## APPLICABLE LAW

The Speedy Trial Act generally requires trial in federal criminal cases to begin within seventy days of the filing of the indictment or the defendant's initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1); *Zedner v. United States*, 126 S.Ct. 1976, 1983 (2006). However, the Act sets forth an extensive list of reasons allowing for periods of delay, which are excluded in computing the time within which trial must

start. 18 U.S.C. § 3161(h). One of the most flexible avenues for granting continuances and excluding resulting delay is the Speedy Trial Act's provisions allowing for so called "ends of justice" continuances. *See* 18 U.S.C. § 3161(h)(7). Specifically, a district court may exclude from the speedy trial calculation

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). Congress enumerated four non-exclusive factors for courts to evaluate when determining if the ends of justice "outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A)–(B). These factors deal predominantly with equity, and include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably

3

> deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time for effective preparation, taking into account the exercise of due diligence.

§ 3161(h)(7)(B)(i)–(iv); *United States v. Keith*, 61 F.4th 839, 850 (10th Cir. 2023) ("To weigh the ends of justice against the public's and the defendant's best interests in speedy trial, courts consider four nonexclusive factors."). The Court's reasons for granting an ends of justice continuance must be made on the record, either orally or in writing. *Zedner*, 126 S.Ct. at 1989; 18 U.S.C. § 3161(h)(7)(A).

## DISCUSSION

Here, the Court finds that an ends of justice continuance is appropriate. Defendant's counsel indicates that additional time is required to effectively represent the Defendant, pursuant to his Sixth Amendment right. ECF No. 31 at 3. Mr. Aviles is currently a suspect in a homicide case within another jurisdiction, and Defendant's counsel anticipates a charging decision in that matter within the coming weeks. *Id.* If homicide charges are brought, the United States may relinquish control of the Defendant to that jurisdiction. *Id.* To effectively represent the Defendant in this matter and in other matters, Defendant's counsel asserts that more time is necessary to "receive and review all discovery and conduct an independent investigation of the information provided." *Id.* Defendant's counsel also indicates that additional time is necessary to consult with confidential outside services to aid in the representation of Mr. Aviles for trial and mitigation purposes. *Id.*

Having considered 18 U.S.C. § 3161(h)(7)(B)(i), including whether "the failure to grant such a continuance in the proceeding would be likely to . . . result in a miscarriage of justice," and given the nature of the charges that the Defendant is facing, the Court finds that it is in the best interest of justice to continue the Defendant's trial to allow the parties additional time to evaluate pending charges, conduct discovery investigations, prepare an adequate prosecution and defense ahead of trial, and, if necessary, negotiate towards a resolution of this matter. Put differently, the ends of justice served by a continuance "outweigh the best interest of the public and the [D]efendant in a speedy trial." *See* 18 U.S.C. § 3161(h)(7)(A). Therefore, the parties demonstrate that the ends of justice will be served by granting a reasonable continuance, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i). The delay between the entry of the Court's continuance ruling today and the commencement of trial shall be, and hereby is, excluded from the Defendant's Speedy Trial Act calculation under 18 U.S.C. § 3161(h)(7)(A).

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that Defendant's *Second Unopposed Motion for Ends of Justice Continuance and to Exclude Time From Speedy Trial Act Time Limits* (ECF No. 31) is **GRANTED**, and the trial date set for April 1, 2024, is hereby **VACATED**. Pursuant to this Order, Defendant's trial date is **RESET** to Monday, June 24, 2024 at 9:30AM in Cheyenne, Wyoming.

Further, **IT IS HEREBY ORDERED** that all deadlines in the Court's discovery and scheduling order (ECF No. 21) will be reset in accordance with the Defendant's new trial date. All time from the entrance of this *Order* until the new trial date shall be excluded from Defendant's speedy trial calculations under 18 U.S.C. §§ 3161(h)(7)(A) and (B).

Dated this 4th day of March, 2024.

Alan B. Johnson
United States District Judge